**Cosmopolitan National Bank of Chicago as Trustee Under Trust No. 5356, Plaintiff-Appellee, v. Samuel C. Goldberg, Defendant-Appellant.**

## Gen. No. 47,502.

First District, Third Division.

April 30, 1959.

Released for publication June 22, 1959.

 

Kurtz and Turner, of Chicago (Donald A. Kahan, of counsel) for defendant-appellant.

Ordower & Ordower of Chicago (Nathan Wolfberg, of counsel) for plaintiff-appellee.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from an order entered in the Municipal Court of Chicago in this cause dismissing the proceeding without prejudice upon the motion of plaintiff. It is urged by defendant-appellant that the dismissal, if granted, should have been with prejudice.

The question here involves the application of § 52 of the Civil Practice Act [Ill. Rev. Stats. ch. 110], which relates to the dismissal of the cause of action by plaintiff. The question is whether a "trial or hearing" began in this proceeding.

Plaintiff filed herein a complaint in forcible entry and detainer, seeking possession of the premises for the nonpayment of rent by defendant in accordance with the terms of the provisions of a lease between the two parties. The matter was set for trial on two occasions and on the final day both sides answered ready for trial. Defendant asked leave to file his affidavit of defense, although such a pleading is not required in forcible entry and detainer suits in the Municipal Court of Chicago, and that leave was granted.

The court then requested that jurors be brought up from the jury room into the courtroom. They were never interrogated or sworn. Pending the jury's arriv-

al the court suggested that a preliminary trial conference be held in his chambers, and the court and the two counsel retired to the chambers for the purpose of discussing the litigation. Plaintiff there asserted that his only cause of action arose out of the nonpayment of rent as provided in the lease. Defendant disclosed that his defense to the proceeding was that plaintiff, the landlord, by erecting a certain barrier in a parking lot which was a portion of the leased premises, had interfered with the use of the premises by defendant, and that such interference with the possession of defendant was in fact a wrongful eviction and absolved him from the payment of rent. There was some discussion as to whether such conduct constituted a valid defense. Defendant's attorney then presented cases, one of which was read from in the course of this conference. Plaintiff then asserted that he would like to have an opportunity to look up the law in regard to the matter, and thereupon the court suggested that defendant withdraw the affidavit of defense which he had tendered, in order to make certain additions thereto, and that defendant be given ten days to file such amended affidavit of defense, and that plaintiff be given an additional ten days thereafter to file a reply or otherwise plead, and an order was entered to that effect.

Within the period of time allowed by those orders plaintiff appeared in court with a motion for leave to dismiss the complaint without prejudice. Defendant objected to the entry of such an order and insisted that the trial had been commenced by the preliminary conference held in the court's chambers, and that, if the court entered an order dismissing the proceedings, it must be with prejudice. The court entered the order on the motion of plaintiff dismissing the cause of action without prejudice, this being the order from which the appeal is taken.

■■ This case therefore turns upon whether the pretrial conference relating to the nature of the cause of action and the nature of the defense interposed was a beginning of the trial in the statutory sense. Certainly the mere summoning of the jury to the courtroom does not constitute the beginning of a trial. But where a jury has been examined and sworn (White v. Agbayani, 2 Ill.App.2d 29), and where in addition plaintiff's counsel has made an opening statement (Gilbert v. Langbein, 343 Ill. App. 132), then the trial has begun. Neither of those situations exist here.

■■ Both plaintiff and defendant rely upon the case of Bernick v. Chicago Title & Trust Co., 325 Ill. App. 495. That case involved some motions which related to the pleadings and also some motions upon which hearings were had and evidence taken relating to the defense that the suit was barred by a former judgment. At page 501 the court said:

"We do not think it necessary to discuss at length what was the effect of the order which sustained the several motions of defendants under sec. 45 and gave plaintiff leave to file an amended complaint. We assume as far as those motions are concerned the right of plaintiff to dismiss his bill was still absolute. However, the motion of defendants to dismiss under sec. 48 and for the reason that the causes of action had been adjudicated presents an entirely different question. The trial judge evidently so regarded it, for he considered the affidavits filed in support of the motion and reserved his decision thereon. . . . In so far as the defense of *res adjudicata* was concerned, the trial or hearing had not only begun but reached a stage where the trial judge had taken the matter under advisement. In fact, the trial had begun and ended. . . . A hearing on the legal sufficiency of a plea which, if sustained, will terminate the litigation, is a trial."

7

In our case, even if the defense urged was found to rest on a sound legal basis, there still remained questions of fact to be determined, and the determination of its legal validity would not terminate the litigation. The defense urged had actually been withdrawn, and leave to file it within ten days, amended if desired, had been given. This indicates that preliminary discussions about the cause of action and the nature of the defense and the granting by the court of leave to file amended pleadings and for counsel to look up law in regard to their respective allegations does not constitute a beginning of the trial in the statutory sense.

The judgment of the Municipal Court of Chicago is affirmed.

Affirmed.

FRIEND, P. J. and BURKE, J., concur.