ARTHUR R. MILLER, Plaintiff-Appellant, v. RAY DALEY, Defendant-Appellee.

Third District   No. 3—84—0375

Opinion filed March 21, 1985.

Keith K. Kost, of Kost & Kost, of Lewistown, for appellant.

Ross E. Morris, of Lewistown, and John J. McCarthy, of Canton, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from a suit brought by Arthur Miller, a one-time tenant of Canton township, against Ray Daley, who was at the time this incident occurred the Canton township road commissioner. The complaint alleges among other things that during the pendency of a forcible entry and detainer suit the defendant padlocked the restroom door which was the only restroom facility available for Miller's use in the apartment he was then leasing from Canton township. As a result of being wrongfully deprived of his use of the restroom facility while the forcible entry and detainer suit was pending—a period of at least seven months—he suffered damages to his possessions and mental anguish and embarrassment. Count II of the complaint alleges that this wrongful action on the part of defendant was intentional, wilful and wanton and asks for punitive damages. The trial court dismissed the complaint, finding it was barred by *res judicata* because plaintiff had an opportunity to litigate this matter in a former action. The former action to which the trial court was referring was a forcible entry and detainer suit filed by Canton township in which Miller counterclaimed for possession.

The sole issue before us on appeal is whether this claim should have been litigated in the previous forcible entry and detainer suit and is, therefore, barred by the doctrine of *res judicata*. Because we find that section 9—106 of the Civil Practice Act precluded this claim from being brought in the former proceeding, we will not address the issue raised and argued at length by both parties as to the relationship of defendant and Canton township.

The Civil Practice Act governs forcible entry and detainer proceedings (Ill. Rev. Stat. 1983, ch. 110, par. 9—101 *et seq.*) and speaks to what matters are permitted to be brought as part of such a proceeding as well as matters which are precluded in a counterclaim in an eviction proceeding. Section 9—106 provides as follows:

"Sec. 9—106 Pleadings and Evidence.

On complaint by the party or parties entitled to possession of such premises being filed in the circuit court for the county where such premises are situated, stating that such party is entitled to the possession of such premises \*\*\* and that the defendant \*\*\* unlawfully withholds the possession thereof from him, her or them, the clerk of the court shall issue a summons.

\*\*\* No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise. However, a claim for rent may be joined in the

complaint, and judgment may be entered for the amount of rent found due." (Ill. Rev. Stat. 1983, ch. 110, par. 9—106.) Clearly, this provision does not require joinder of any claim unrelated to possession of the premises to which the above statute applies.

The distinct purpose of the forcible entry and detainer proceeding is to determine only who should be in rightful possession. As the Illinois Supreme Court stated in *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833, quoting the court in *Bleck v. Cosgrove* (1961), 32 Ill. App. 2d 267, 272, 177 N.E.2d 647: " 'Forcible entry and detainer is a summary statutory proceeding to adjudicate rights to possession and is unhampered and unimpeded by questions of title and other collateral matters not directly connected with the question of possession.' " (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 255, 263 N.E.2d 833, 837.) Unlike the situation in *Rosewood*, where the counterclaim in the forcible entry and detainer proceeding asked the court to determine the validity of contract provisions directly affecting which party had the right to possession, the question here is whether Miller is entitled to recover damages for the damage to his property and mental distress and is not related to the question of which party is entitled to rightful possession. Therefore, we hold that this claim could not have been previously litigated because of the statutory preclusion of section 9—106.

We, therefore, reverse the decision of the circuit court of Fulton County and remand with instructions to proceed in accordance with this decision.

Reversed and remanded.

HEIPLE, P.J., and WOMBACHER, J., concur.