PETER ECKEL, Plaintiff-Appellee, v. MARTHA MacNEAL, Defendant-Appellant.

First District (1st Division)   No. 1—91—2660

Opinion filed December 20, 1993.

Burch & Delgado, of Chicago (David Delgado, of counsel), for appellant.

Berton N. Ring & Associates, of Chicago (Berton N. Ring, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Martha MacNeal appeals orders of the circuit court of Cook County granting plaintiff, Dr. Peter Eckel, possession and damages in a joint action forcible entry and detainer action.

The record on appeal indicates the following facts. On January 23, 1991, plaintiff filed a complaint against defendant alleging that: (1) plaintiff was entitled to possession of 5438 W. Ferdinand, 1st Floor, Chicago, Illinois; (2) defendant was unlawfully withholding possession from plaintiff; and (3) defendant owed rent for the period from May 1, 1990, through February 28, 1991, totalling $2,580. Summons was returned served on defendant February 1, 1991.

On February 6, 1991, the case came before Judge Ann Houser in room 1406. Plaintiff was represented by counsel; defendant appeared *pro se*. Following a short colloquy, plaintiff's counsel indicated that he was not prepared to go to trial and requested time to determine whether a settlement could be reached. When the case was recalled approximately 30 minutes later, plaintiff's counsel indicated he would be ready for trial in another 30 minutes, but defendant indicated she was not ready. The trial court provided defendant with a list of legal agencies and continued the matter to February 22, 1991.

Defendant also filed an application to sue as a poor person and an appearance and jury demand on February 6, 1991.

On February 8, 1991, John Knox of the Lawyer's Committee for Better Housing spindled a motion to transfer this case to the jury docket. The record seems to indicate that the motion was heard on February 19, 1991. The record also contains an unsigned order purporting to set the case for status on February 26, 1991.

On February 22, 1991, the case came before Judge Houser. Defendant appeared *pro se*; plaintiff did not appear. The case was dismissed for want of prosecution.

John Knox filed an appearance as attorney for the defendant on February 25, 1991. On February 26, 1991, the case came before Judge Michael Stuttley. Both parties appeared; both were represented by counsel. Though plaintiff's counsel indicated he was ready to go to trial that day, defendant's counsel was granted leave to file a responsive pleading. The trial court continued the matter to March 20, 1991.

The record contains an answer that denies the allegations of plaintiff's complaint and raises a number of affirmative defenses and counterclaims. The answer indicates that defendant lives in a two-bedroom apartment at the address at issue. Charles Bynum, who had owned the building, was foreclosed on by mortgagee Gupreet Padda in 1989. In June 1990, defendant became aware of shut-off notices for the building utilities. In August 1990, plaintiff appeared, claiming to be the landlord of the building. Plaintiff allegedly told defendant and other tenants not to pay rent while there was no hot water in the building. Plaintiff allegedly did not provide heating to defendant's

apartment until January 16, 1991. According to the answer, plaintiff served a five-day notice on January 14, 1991. Defendant also alleged that plaintiff removed defendant's personal property from a basement storage area on November 24-25, 1990, and on January 23, 1991. The answer that appears in the record was not signed by either John Knox or Martha MacNeal.

When the parties appeared again before the trial court on March 20, 1991, Judge Stuttley granted John Knox's motion to withdraw as defendant's counsel. The case was continued to April 12, 1991. At that time, defendant indicated that she had spoken to other attorneys about her case, but that she remained without representation. The trial court set the case for trial on April 18, 1991, with no more continuances.

The transcript of proceedings for April 18, 1991, indicates that defendant was unable to obtain a lawyer for this case. The trial court asked whether MacNeal was prepared to pay back rent. Under questioning from the trial court, defendant indicated that the gas heating had been cut off last June and that she had been told not to pay rent until the heat was restored. Defendant indicated that she had paid certain utility bills. Defendant also indicated that plaintiff had thrown her property out of the basement without notice. Defendant showed the trial judge receipts from February and June 1990. The trial court asked whether defendant was prepared to pay for rent from mid-January 1991 to the present. Plaintiff's attorney represented that the monthly rent was $430; defendant indicated that it was $350. Defendant indicated at various times during the colloquy that she could come up with four months of rent, that her mother was holding such an amount, and that she did not want to pay that amount. The trial judge asked defendant if she wanted a trial date and indicated that he was not going to try defendant's case for her. Defendant asked for her papers back and suggested that she could pay Monday or Tuesday and asked to whom the money should be paid. The trial judge responded that the funds would be paid to plaintiff's attorney. Defendant asked for a written agreement that if she paid the four months of rent, plaintiff would not seek further back rent.

The trial court entered an order granting plaintiff leave to accept use and occupancy without prejudice and for defendant to pay $1,720 to plaintiff's attorney by April 23, 1991. The order also provided that if defendant paid this amount, the case would be continued for a status call in six months and that failure to pay monthly rent would result in an immediate judgment of possession in favor of plaintiff. The trial court continued the matter to April 23, 1991, for the status of payment.

On April 23, 1991, the case was heard before Judge George Cole. Plaintiff's attorney appeared to indicate that defendant had not paid the required funds. Defendant did not appear in court. The trial court entered judgment for $1,720 and possession *instanter* in favor of plaintiff.

Defendant, through legal counsel, subsequently filed an emergency petition to expunge the judgments of April 18 and 23, 1991, claiming they were void on the grounds that the case was dismissed for want of prosecution on February 22, 1991, and was never reinstated. The petition also claimed that the judgments were improper because they were entered without benefit of a jury trial. The trial court denied defendant's petition on May 3, 1991. The trial court also entered an order vacating the dismissal for want of prosecution *nunc pro tunc*. Defendant filed a motion to reconsider, which was denied on May 8, 1991. The May 8, 1991, order also granted a stay of the possession judgment so long as a monthly occupancy bond was deposited. Defendant filed her notice of appeal to this court on June 7, 1991.

Initially, we consider the issue of jurisdiction. This court has the duty to examine whether it has jurisdiction to hear an appeal, even when the question is not raised by the parties. (*Kinkin v. Marchesi* (1991), 213 Ill. App. 3d 176, 178, 571 N.E.2d 501, 502.) Defendant's jurisdictional statement indicates that she is appealing a final judgment of the circuit court in a civil case, pursuant to Illinois Supreme Court Rule 301 (134 Ill. 2d R. 301).

The filing of a notice of appeal is jurisdictional. (*Lang v. Consumers Insurance Service, Inc.* (1991), 222 Ill. App. 3d 226, 229, 583 N.E.2d 1147, 1150.) Illinois Supreme Court Rule 303 provides that in general, the notice of appeal must be filed within 30 days of the entry of the final judgment or, if a timely post-trial motion directed against the judgment has been filed, within 30 days of the entry of an order disposing of the last pending post-trial motion. (134 Ill. 2d R. 303(a)(1).) Rule 303 also provides that a request for reconsideration of a post-trial motion does not toll the time within which a notice of appeal must be filed. (134 Ill. 2d R. 303(a)(2).) Rule 303(b) once contained an exception regarding the posting of bond in forcible entry and detainer cases, but this exception was removed in 1974. See Ill. Ann. Stat., ch. 110A, par. 303(b), Committee Comments, at 90 (Smith-Hurd 1985).

In this case, defendant's emergency petition was denied on May 3, 1991. Defendant filed her notice of appeal on June 7, 1991—more than 30 days after the disposition of defendant's emergency petition.

However, it does not automatically follow that Rule 303 applies

as a jurisdictional bar in this particular case. The record here shows that defendant attacked the judgment of the trial court as void. A void judgment, order or decree will be reversed on appeal whenever it is brought before a reviewing court by any means possible in a particular case. (*Moffat Coal Co. v. Industrial Comm'n* (1947), 397 Ill. 196, 201, 73 N.E.2d 423, 426.) This court has repeatedly held that a void judgment may be attacked at any time, in any court, either directly or collaterally. (*E.g., Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, 301, 565 N.E.2d 724, 727.) A void judgment may be defined as one in which the rendering court lacked subject matter jurisdiction, lacked personal jurisdiction or acted in a manner inconsistent with due process of law. See *Hays v. Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 517, 452 N.E.2d 1383, 1388.

In her emergency petitions and appellate brief, defendant argued that the judgments were void because the case had been dismissed for want of jurisdiction on February 22, 1991. However, defendant's continued participation in the proceedings, both with and without legal representation, without objection, revested the trial court with jurisdiction. *E.g., In re Marriage of Savas* (1985), 139 Ill. App. 3d 68, 73, 486 N.E.2d 1318, 1322.

Defendant also contended at oral argument before this court that she was denied her right to a trial. This is not the same as defendant's claim that she was denied her right to a jury trial, and her failure to raise it in her opening brief could be deemed waiver of the argument on appeal. However, as this court has frequently noted, the rules of waiver are a limitation on the parties, not this court. Thus, we consider whether the judgment in this case is void for the lack of a trial.

■ It is beyond question in Illinois that forcible entry and detainer actions are summary proceedings. (*E.g., Miller v. Daley* (1985), 131 Ill. App. 3d 959, 961, 476 N.E.2d 753, 754-55.) Nevertheless, since such actions are statutory proceedings in derogation of common law, the trial court is required to strictly comply with the terms of the statute. (*First National Bank v. Chrysler Realty Corp.* (1988), 168 Ill. App. 3d 784, 791, 522 N.E.2d 1298, 1302-03.) To maintain an action of forcible entry and detainer, the plaintiff has the burden to prove his or her right to possession. (See *City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 435, 380 N.E.2d 1106, 1119.) Moreover, under constitutional norms of due process, an eviction trial, like any other civil trial, should be an orderly procedure wherein the plaintiff presents evidence of possession and compliance with the necessary procedural steps for notice of termination, filing suit and summons. See Fusco, Collins & Birnbaum, *Chicago's Evic-*

*tion Court: A Tenant's Court of No Resort*, 17 Urbana L. Ann. 93, 101 (1979).

Bearing these considerations in mind, we turn to the question of whether there was a trial in this case. The case law regarding voluntary dismissals "before trial or hearing begins" under section 2—1009 of the Code of Civil Procedure may be helpful in this regard. For example, *Cosmopolitan National Bank v. Goldberg* (1959), 22 Ill. App. 2d 4, 159 N.E.2d 1, which also involved a joint action for possession and rent, held that a "pretrial conference relating to the nature of the cause of action and the nature of the defense interposed" did not constitute a beginning of a trial or hearing. (*Goldberg*, 22 Ill. App. 2d at 7-8, 159 N.E.2d at 2-3.) In *Western Land Corp. v. Lichtenstein* (1977), 47 Ill. App. 3d 233, 361 N.E.2d 730, this court reached a similar conclusion. *Lichtenstein* also suggests that whether evidence has been heard is an important factor in determining whether a trial or hearing has commenced. See *Lichtenstein*, 47 Ill. App. 3d at 240-41, 361 N.E.2d at 735-36.

In this case, the record shows that no witnesses were sworn and no evidence was formally introduced to support plaintiff's claim of possession. Indeed, the transcript of April 18, 1991, which was supposed to be the trial date in this matter, clearly shows that the trial court immediately inquired whether defendant was prepared to pay back rent. Furthermore, it is clear from this transcript that the trial court did not consider the proceedings of April 18, 1991, to be a trial, for the court also inquired whether defendant wanted a trial.

The record indicates that defendant did not ask for a trial at this point in the proceedings. A party may waive a demand for a jury trial by proceeding to a bench trial without objection. (*E.g., Power Electric Contractors, Inc. v. Maywood-Proviso State Bank* (1978), 60 Ill. App. 3d 685, 690-91, 377 N.E.2d 142, 146.) This case, however, does not fall within the scope of that rule, for there was no bench trial. Nor do the orders entered here bear any indication that they were in the nature of a stipulation, settlement, agreed order or consent decree. (See, *e.g., W.R. Grace & Co. v. Beker Industries, Inc.* (1984), 128 Ill. App. 3d 215, 218-19, 470 N.E.2d 577, 580-81.) Indeed, the record shows that defendant attempted to secure an agreement that if she paid four months of rent for the period from mid-January to mid-April 1991, plaintiff would be barred from seeking rent for prior months; immediately thereafter, the trial court granted plaintiff leave to accept use and occupancy in the amount of $1,720, to be paid by April 23, 1991.

Plaintiff suggests that the proceedings at issue may be properly viewed as a judgment on the pleadings. In particular, plaintiff notes

that defendant's answer states that she was served with a five-day notice. Plaintiff believes that this statement obviates the need to introduce evidence of possession.

■ Plaintiff overlooks the fact that the answer to which he refers, which appears in the record, was not signed by defendant or her attorney. Even assuming *arguendo* that this court were inclined to accept statements in an unsigned answer as admissions, we must note that the answer and defendant's mere appearance both constitute a general denial of the allegations supporting plaintiff's claim. We must also note that the trial court dismissed defendant's affirmative defense of partial constructive eviction by stating "I don't know anything about that." In contrast, the trial court determined the factual dispute over the amount of monthly rent against defendant, yet there is no sworn testimony or documentary evidence in this record from which a judgment on that issue could be reached. Finally, we must note that the record does not indicate that plaintiff ever moved for judgment on the pleadings, either orally or in writing. Consequently, we cannot conclude that the trial court entered judgment on the pleadings.

This court is fully aware that forcible detainer and entry claims are adjudicated in a high volume court. (See *Pecoraro v. Kesner* (1991), 217 Ill. App. 3d 1039, 1043, 578 N.E.2d 53, 55.) However, this fact does not alter plaintiff's burden of proof. In this case, plaintiff was able to obtain a judgment against defendant without following the most basic procedural requirements of a trial, summary judgment or judgment on the pleadings. The proceedings presented in the record here cannot be called due process. Given the facts and circumstances of this case, this court is forced to conclude that the judgment entered against defendant is void.

For all of the aforementioned reasons, we reverse the orders entered on April 18 and 23, 1991, and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

MANNING, P.J., and O'CONNOR, J., concur.