THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL L. KEEGAN, Defendant-Appellant.

Third District   No. 3—02—0233

Opinion filed October 25, 2002.

John P. Ridge, of Kankakee, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (John X. Breslin and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant Michael L. Keegan was arrested for driving under the influence of alcohol (DUI). One hundred and three days later, he filed a petition to rescind the summary suspension of his driving privileges. Following a hearing, the trial court granted the petition on its merits. The State then moved to reconsider on the ground that the trial court lacked subject matter jurisdiction because the petition was untimely. The court granted the State's motion and vacated the rescission order.

Defendant appeals, arguing that the 90-day period for filing a petition to rescind under section 2—118.1 of the Illinois Vehicle Code (Code) (625 ILCS 5/2—118.1 (West 2000)) is not jurisdictional and was waived by the State's failure to raise the issue prior to the hearing on defendant's petition. We reverse.

## BACKGROUND

The record shows that defendant was arrested and charged with DUI on August 17, 2001. His petition to rescind the statutory summary suspension of his driving privileges was filed in the circuit court on November 28. Following a hearing, the trial court granted the petition on the ground that the evidence did not show that there was probable cause to arrest defendant for driving under the influence of alcohol.

The State moved to reconsider based on defendant's failure to file his petition to rescind within 90 days of receiving notice of the summary suspension (625 ILCS 5/2—118.1 (West 2000)). The circuit court, reasoning that section 2—118.1 was "analogous" to an administrative review proceeding, ruled that the lack of a timely petition deprived the court of subject matter jurisdiction. See *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 486 N.E.2d 893 (1985). Accordingly, the court granted the State's motion and vacated its order rescinding the summary suspension of defendant's driving privileges.

## ISSUE AND ANALYSIS

On appeal, defendant argues that the trial court's analogy to administrative review proceedings was in error. He contends that the filing period in section 2—118.1 is an ordinary statute of limitations that should be considered as an affirmative defense, which the State waived by failing to assert it prior to the hearing on the merits of his petition.

■ Ordinary statutes of limitation present procedural bars that may be asserted as an affirmative defense or waived. See *People v. Wright*, 189 Ill. 2d 1, 723 N.E.2d 230 (1999). Fairness dictates that affirmative defenses that are neither pled nor argued at a hearing on the merits may not be raised later in a motion to reconsider. *Harmon Insurance Agency, Inc. v. Thorson*, 226 Ill. App. 3d 1050, 590 N.E.2d 920 (1992).

By contrast, time limitations contained in statutes that confer subject matter jurisdiction on the circuit court based on the timely filing of a pleading pose jurisdictional bars that cannot be waived. *Currie v. Lao*, 148 Ill. 2d 151, 592 N.E.2d 977 (1992). If a court lacks subject matter jurisdiction because a cause is not filed within a jurisdictional

time limitation, the court's judgment may be attacked at any time as a void judgment. *Eckel v. MacNeal*, 256 Ill. App. 3d 292, 628 N.E.2d 741 (1993).

The question before us is whether failure to comply with the 90-day period for filing a request for a hearing under section 2—118.1 is a jurisdictional bar or a procedural defect that may be waived. This is apparently a question of first impression; however, our supreme court, considering a four-year limitations period under the Motor Vehicle Franchise Act (815 ILCS 710/14 (West 2000)), recently provided guidance to resolve the issue.

■ In *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334-35, 770 N.E.2d 177, 184 (2002), the court stated:

" '[S]ubject matter jurisdiction' refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs. [Citations.] With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution. [Citations.] Under section 9 of article VI, that jurisdiction extends to all 'justiciable matters.' Ill. Const. 1970, art. VI, § 9. ***

*** Generally, a 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests. [Citations.] The legislature may create new justiciable matters by enacting legislation that creates rights and duties that have no counterpart at common law or in equity. [Citation.] *** The legislature's creation of a new justiciable matter, however, does not mean that the legislature thereby confers jurisdiction on the circuit court. Article VI is clear that, *except in the area of administrative review*, the jurisdiction of the circuit court flows from the constitution. Ill. Const. 1970, art. VI, § 9." (Emphasis in original.)

Our supreme court thus made it clear that, unless the circuit court's jurisdiction derives from administrative review law, the circuit court has original subject matter jurisdiction over justiciable matters, whether the rights asserted by the petitioner were known to common law or are purely creations of statute. See *In re Marriage of Lindsey-Robinson*, 331 Ill. App. 3d 261, 771 N.E.2d 976 (2002) (holding that untimeliness of petition for contributory attorney fees under divorce statute was waivable issue pursuant to *Belleville Toyota*).

■ Turning to section 2—118.1 of the Code, we note that the statute sets forth a comprehensive procedure for the conduct of a prompt judicial hearing when a person seeks to rescind the statutory summary suspension of his driving privileges. The scope of the hear-

ing is limited to four specific issues relating to the circumstances surrounding the defendant's arrest for driving under the influence of alcohol or drugs. Unlike related statutes, section 2—118.1 does not merely provide for judicial review of an underlying administrative hearing previously held before the Secretary of State. *Cf.* 625 ILCS 5/11—501.8(h) (West 2000) (providing for judicial review of suspension following administrative proceeding under "zero tolerance" statute); 625 ILCS 5/2—118(e) (West 2000) (providing for judicial review of suspension, revocation or denial of license following hearing before Secretary of State). Although statutory summary suspensions are considered administrative, rather than criminal in nature (*Koss v. Slater*, 116 Ill. 2d 389, 507 N.E.2d 826 (1987)), the rescission statute contains no basis, express or implied, for applying administrative review law.

Considered in light of *Belleville Toyota*, we hold that a defendant's right to a hearing under section 2—118.1 of the Code is a justiciable matter over which the circuit court has original subject matter jurisdiction under this state's constitution. Therefore, the 90-day period for filing a petition to rescind is an ordinary statute of limitations—not a jurisdictional prerequisite that could not be waived by the State. See *Belleville Toyota, Inc.*, 199 Ill. 2d 325, 770 N.E.2d 177.

■ In this case, the 90-day time limitation could have been asserted by the State in a motion to dismiss prior to a hearing on the merits of defendant's petition to rescind. By failing to do so, the State forfeited its "affirmative defense." Justice is not served by allowing the State to raise the procedural bar for the first time on a motion to reconsider. See *Harmon Insurance*, 226 Ill. App. 3d 1050, 590 N.E.2d 920.

## CONCLUSION

For the reasons stated, the order granting the State's motion for reconsideration is reversed, and the order granting rescission of defendant's summary suspension is reinstated.

Reversed; rescission order reinstated.

LYTTON, P.J., and HOLDRIDGE, J., concur.