*In re* ESTATE OF ROGER E. GUSTAFSON, A Disabled Person (Heidy Terlizzi, as Coguardian of the Person of Roger E. Gustafson, *et al.*, Petitioners-Appellees, v. Glenn Gustafson, Indiv. and as Coguardian of the Person of Roger E. Gustafson, Respondent-Appellant).

Second District No. 2—94—0018

Opinion filed December 28, 1994.

Marc E. Webbles, of Geneva, for appellant.

Lewis W. Terlizzi and Daniel E. Compton, both of Brittain & Ketcham, P.C., of Elgin, for appellees.

JUSTICE THOMAS delivered the opinion of the Court:

Respondent, Glenn Gustafson, appeals from the award of fees granted to petitioner, Heidy Terlizzi as coguardian of the person of Roger E. Gustafson, a disabled person, and to another petitioner, the law firm of Brittain & Ketcham, P.C. (Brittain & Ketcham), which acted as Terlizzi's attorney. Glenn Gustafson, brother of Roger Gustafson, appeals individually and as a coguardian of the person of Roger Gustafson, contending that the award of fees must be reversed because it was entered without notice to him as required by Kane County local rules and by Supreme Court Rule 104(b) (134 Ill. 2d R. 104(b)).

On November 19, 1992, Lewis Terlizzi, an attorney with Brittain & Ketcham, petitioned the court to appoint Terlizzi's wife, Heidy Terlizzi, as temporary guardian of the estate and person of Roger E. Gustafson, Heidy Terlizzi's ex-husband. The court granted the peti-

tion. At the hearing to adjudge Roger Gustafson a disabled person, Heidy Terlizzi requested appointment as a plenary guardian for both the estate and person of Roger. The court found Roger Gustafson to be a disabled person without the capacity to communicate responsible decisions concerning the care of his person and unable to manage his estate or financial affairs. The court appointed Heidy Terlizzi and Glenn Gustafson as coguardians of the person of Roger Gustafson. Heidy Terlizzi was represented throughout the proceedings by her husband's firm, Brittain & Ketcham. The Old Kent Bank of St. Charles (Bank) was named plenary guardian of the estate of Roger Gustafson. Brittain & Ketcham also represented the Bank.

A first and final report and account of the temporary guardian of the estate, Heidy Terlizzi, showed Roger Gustafson's assets to be valued at $515,000. In the account, Heidy Terlizzi and Brittain & Ketcham, as lawyers for Heidy Terlizzi, both requested fees for their services in connection with the estate. Brittain & Ketcham requested attorney fees in the amount of $4,100 and fees in the amount of $2,800 for Heidy Terlizzi's services as guardian. On January 15, 1993, the court approved the final report and account and granted the fees requested. On January 20, 1994, the Bank filed a document acknowledging receipt of the final account and report, waiving notice of the hearing on the final account, and consenting to the entry of an order approving the final account and report and allowing the fees requested.

Respondent, as coguardian of the person of Roger Gustafson, filed a motion to vacate the order approving the report and account. The motion to vacate alleged that the court's order was entered without notice to respondent; that no accounting of billable time or rates was introduced upon which the court could make a determination of reasonableness; and that respondent had been told that Heidy and Lewis Terlizzi had no expectation of payment. On March 2, 1993, the Bank, the guardian of the estate of Roger Gustafson, through its attorneys, Brittain & Ketcham, filed a motion to dismiss respondent's motion to vacate. In the motion to dismiss, the Bank alleged, among other things, that respondent was not entitled to notice of the attorney fees petition.

The court granted the motion to dismiss the motion to vacate on November 30, 1993, but ordered that all further petitions for fees and costs be given to respondent, as coguardian of the person of Roger E. Gustafson, and to the guardian *ad litem*. On December 30, 1993, respondent filed a timely notice of appeal of the dismissal of the motion to vacate the attorney fees.

On appeal, respondent first contends that local Rule 18.19(a) of

the Rules of the Circuit Court of Kane County (16th Jud. Cir. R. 18.19(a)(1993)) required Heidy Terlizzi and her attorneys, Brittain & Ketcham, to give respondent notice of the hearing on petitioners' request for fees. That rule provides:

> "To be entitled to have fees, whether paid or to be paid, fixed on petition or to have credit for fees on any estate account, a personal representative must show disclosure of record of the fee dollar amount by signed consent from or notice to all interested persons as defined in the Probate Act Section 1—2—11. If by notice, it shall state the time certain for hearing." (16th Jud. Cir. R. 18.19(a) (1993).)

Section 1—2.11 of the Probate Act of 1975 (Act) states:

> " 'Interested person' in relation to any particular action, power or proceeding under this Act means one who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected by the action, power or proceeding involved, including without limitation an heir, legatee, creditor, person entitled to a spouse's or child's award and the representative." 755 ILCS 5/1—2.11 (West 1992).

It is respondent's further contention that the request by petitioners for fees, which states only in general terms the work performed, was not sufficient compliance with local rule 18.19(e), which requires an itemized petition. (16th Jud. Cir. R. 18.19(e) (1993).) The petition submitted here stated only that the attorneys provided services to Heidy Terlizzi in the form of obtaining her appointment as temporary guardian, obtaining the appointment of permanent co-guardians of the person and a permanent guardian of the estate for Roger Gustafson, and preparing the inventory and the final account. The attorneys claimed more than 25 hours of time were spent in this pursuit and they requested a total of $4,100, plus costs. The petition requested $2,800 for Heidy Terlizzi's fees, stating that Heidy Terlizzi spent in excess of 80 hours providing care and placement of Roger Gustafson, paying the bills of Gustafson, caring for his residence, and assisting with the preparation of the final report and account.

In response to respondent's contention that he was entitled to notice, petitioners contend that respondent is not an "interested person" within the meaning of the Act and so was not entitled to notice. They further contend that the Bank, as the only interested party, consented to the fees, so petitioners complied with the local rules.

Local Rule 18.19(e) provides in part:

> "All fee petitions in excess of $500.00 shall be made by itemized petition which includes the items in Paragraph (b) above and in addition, shall include the time spent (at least by category of work performed), the necessity of such work, and the basis of the charge

being made, i.e., whether based on an hourly rate or on other factors, or whether based on a combination thereof. Factual evidence substantiating the particular basis(or bases) is required, either by affidavit setting forth specific facts or by testimony in open court." (16th Jud. Cir. R. 18.19(e) (1993).)

It is clear that the petition submitted by petitioners in this case did not comply with the mandates of local rule 18.19(e). In fact, petitioners do not even challenge respondent's contention in this regard. We must determine, then, whether respondent was entitled to notice, either under the local rules or Supreme Court Rule 104(b) (134 Ill. 2d R. 104(b)).

Local rule 18.19(a) requires notice to be given to "all interested persons as defined in the Probate Act Section 1—2—11." (16th Jud. Cir. R. 18.19(a) (1993).) The crux of petitioners' argument, that respondent is not an "interested person," is that respondent was a guardian of the person of Roger Gustafson, not a guardian of the estate. Petitioners contend that the guardian of the estate, who is charged with managing the income and principal of the estate (see 755 ILCS 5/11a—18 (West 1992)), is the only interested party that must receive notice of the fees request. According to petitioners, since the personal guardian is not charged primarily with managing the finances of the disabled person, the personal guardian is not an interested party. We do not agree.

"Interested person" means someone who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected by the action. (755 ILCS 5/1—2.11 (West 1992).) Just because a personal guardian is not the primary representative of the disabled person's finances does not mean that the personal guardian does not have a fiduciary status that may be affected by the fees petition. The guardian of the person is charged with making provision for the "support, care, comfort, health, education and maintenance" of the ward and is to assist in his "development of maximum self-reliance and independence." (755 ILCS 5/11a—17 (West 1992).) A "fiduciary" is a person, having a duty, created by his undertaking, to act primarily for another's benefit in matters connected with such an undertaking, and it includes relationships such as a guardian. (Black's Law Dictionary 625 (6th ed. 1990).) In making provision for the "support, care, comfort, health, education and maintenance" of the ward, it is clear that matters affecting the ward's financial status would in turn affect the personal guardian's ability to carry out his functions. As an "interested person" under the Probate Act, respondent was entitled to notice of the hearing on the fees petition.

We also find respondent's alternative contention, that Supreme Court Rule 104(b) (134 Ill. 2d R. 104(b)) requires that respondent receive notice because he was a party who had appeared in the action, persuasive. Supreme Court Rule 104(b) provides:

"(b) Filing of Papers and Proof of Service. Pleadings subsequent to the complaint, written motions, and other papers required to be filed shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead." (134 Ill. 2d R. 104(b).)

Petitioners' failure to give notice of the fees petition resulted in respondent being unable to challenge the fees petition, a petition which we have determined to be deficient. Petitioners contend that Supreme Court Rule 104(d) makes it clear that a failure to serve notice does not impair the jurisdiction of the court, but only allows the aggrieved party to obtain a copy from the clerk of the court and have the offending party bear the charge. (134 Ill. 2d R. 104(d).) The rule provides:

"(d) Failure to Serve Copies. Failure to deliver or serve copies as required by this rule does not in any way impair the jurisdiction of the court over the person of any party, but the aggrieved party may obtain a copy from the clerk and the court shall order the offending party to reimburse the aggrieved party for the expense thereof." (134 Ill. 2d R. 104(d).)

While technical noncompliance with the requirement of serving copies on all parties who have appeared and have not been defaulted does not result in a loss of jurisdiction, here respondent never had actual notice of the hearing and as a consequence he never had an opportunity to be heard on this matter. In the absence of notice to respondent, petitioners' request for fees would necessarily go uncontested because while Brittain & Ketcham was requesting fees for its representation of Heidy Terlizzi as temporary guardian and for Heidy Terlizzi, the wife of a member of the same firm, it was also representing the estate, the only party with notice of the fees hearing. We point out that there is an apparent conflict of interest created by this dual representation. This dual representation had the effect of allowing the attorney fees petitions to be granted without any meaningful challenge.

Under the facts of this case, we find that Roger Gustafson's due process rights, as represented by respondent as coguardian of Gustafson's person, were violated. Unlike cases where a failure to serve a party with notice where the party is present for the hearing and suffers no prejudice has been held not to invalidate the court's

order (*In re Rehabilitation of American Mutual Reinsurance Co.* (1992), 238 Ill. App. 3d 1, 10; *In re Marriage of Collins* (1987), 154 Ill. App. 3d 655, 658), here respondent was not present, and the result is that petitioners were allowed fees without supplying an itemized petition and without the scrutiny of the reasonableness of the fees pursuant to a hearing on the matter. The parties have a right to be heard when their rights are affected, and in order to enjoy that right they must first be notified. (*City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 688.) At a minimum, procedural due process requires notice, an opportunity to respond, and a meaningful opportunity to be heard. (*Williams v. Illinois State Scholarship Comm'n* (1990), 139 Ill. 2d 24, 42.) Accordingly, under the facts here the *ex parte* order must be deemed null and void as a denial of due process. *Chicago*, 171 Ill. App. 3d at 688-89; see also *Moore v. One Stop Medical Center* (1991), 218 Ill. App. 3d 1011, 1016; *Wilson v. Moore* (1973), 13 Ill. App. 3d 632, 633.

For the foregoing reasons, we reverse the judgment of the circuit court of Kane County, and we remand the cause for further proceedings.

Reversed and remanded.

INGLIS, P.J., and GEIGER, J., concur.