GOLD REALTY GROUP CORPORATION, Plaintiff-Appellee, v. KISMET CAFÉ, INC., d/b/a Muskies, *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—04—3317

Opinion filed June 30, 2005.

GARCIA, J., specially concurring.

Peter J. Miller, of Sinar, Keldermans, Miller & Friedman, L.L.C., of Chicago, for appellants.

Patrick J. Sherlock, of Law Office of Patrick J. Sherlock, of Chicago, for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

The question in this case is whether a party may move for summary judgment on an issue that was not pled in that party's complaint.

The defendants leased property from the plaintiff and operated a hamburger stand until the property was destroyed by a fire. After the fire, the defendants ceased paying rent. The plaintiff filed a complaint seeking unpaid rent and possession based on the failure to pay rent. The plaintiff later moved for summary judgment, seeking to terminate the lease based on two provisions in the lease, neither alleged in the complaint. The court entered summary judgment for the plaintiff, and defendants appealed. We reverse and remand.

## FACTS

The property at issue was destroyed by fire in September 2003.

According to the plaintiff's complaint, the defendants assumed the lease with the plaintiff as of May 15, 1997, for the property at 963 West Belmont Avenue in Chicago. The defendants operated a hamburger stand known as "Muskies" on the premises. The lease obligated defendants to pay rent to the plaintiff in the amount of $5,060 per month. Plaintiff alleged:

"7. Contrary to the terms of the Lease, and notwithstanding [plaintiff's] repeated requests for compliance, defendant has failed and refused to pay to [plaintiff] the sum of $27,119.00, representing accrued but unpaid rent and late fees and charges, through December 15, 2003. In addition, the premises has been totally destroyed by fire and remains vacant as of the filing of this complaint."

The plaintiff alleged the defendants' failure to pay rent constituted a default entitling plaintiff to terminate defendants' possession of the premises. It asked for the amount of unpaid rent and immediate possession.

Attached to the complaint was a copy of the lease and a landlord's five-day notice dated December 8, 2003, providing the lease would be terminated if the unpaid rent was not paid within five days.

In the defendants' answer, they admitted they had failed to pay rent but denied that such sum was due and owing. They admitted further: "that the premises has been totally destroyed by fire and remains vacant as of the filing of this complaint and aver affirmatively that such destruction abates the obligation of Defendants to pay rent until such time as the Premises is placed in a tenantable condition by Plaintiff."

The defendants alleged two affirmative defenses: (1) they were not responsible for unpaid rent after the fire because their tenancy was not usable; and (2) they were entitled to a setoff pursuant to their counterclaim. They filed a counterclaim for tortious interference with prospective economic advantage based on plaintiff's alleged interference with a sublease of the property. The plaintiff later filed a motion to strike the second affirmative defense and the counterclaim, and the court dismissed the defense and counterclaim without prejudice.

The plaintiff filed a motion for use and occupancy, arguing defendants had failed to obtain fire insurance and failed to maintain and repair the property in violation of the lease. In the defendants' response, they argued they were not obligated to pay use and occupancy because the lease did not require fire insurance, and defendants were not currently in possession of the space. In its reply, the plaintiff for the first time argued paragraph 11 of the lease entitled it to rent while the defendants repaired the fire damage or, alternatively, an order of possession against the defendants. Paragraph 11 provides:

"11. In case the Premises shall be rendered untenantable by fire, explosion or other casualty, Lessor may, at his option, terminate this lease or repair the Premises within sixty days. If Lessor does not repair the Premises within said time, or the building contain-

ing the Premises shall have been wholly destroyed, the term hereby created shall cease and determine."

The court granted the motion for use and occupancy, ordering the defendants to pay $1,500 per month, beginning April 1, 2004.

The plaintiff then filed a motion for summary judgment, contending paragraphs 11 and 13 of the lease entitled it to possession of the property. Paragraph 13 provides, in part:

"13. If Lessee shall vacate or abandon the Premises or permit the same to remain vacant or unoccupied for a period of ten days \*\*\* Lessee's right to the possession of the Premises thereupon shall terminate, with or without any notice or demand whatsoever, and the mere retention of possession thereafter by Lessee shall constitute a forcible detainer of the premises[.] \*\*\* Lessee agrees to surrender possession of the premises immediately."

The plaintiff argued defendants had admitted the property was completely untenantable, the landlord had not repaired the property, and the property "remains vacant as of the filing of this complaint." The plaintiff contended the lease was terminated by its terms, pursuant to paragraph 11 and/or paragraph 13.

The defendants' response contended the plaintiff's motion ignored the issues raised by the pleadings and raised new issues that were not properly before the court. Even if the court were to consider the plaintiff's argument, the defendants contended the lease provisions were waived because the parties "had an agreement that the Defendant would remain the tenant." The defendants filed a cross-motion for summary judgment.

During the summary judgment hearing, the plaintiff indicated it was no longer seeking unpaid rent from the defendants. The trial court granted the plaintiff's motion for summary judgment, denied the defendants' cross-motion, and entered an order of possession for the plaintiff.

The defendants filed a motion for reconsideration, which the court denied.

DECISION

Defendants contend the grant of summary judgment based on allegations not contained in the pleadings (1) violates section 2—1005(c) of the Code of Civil Procedure (735 ILCS 5/2—1005(c) (West 2002)), and (2) violates the fourteenth amendment by depriving defendants of their property rights in the lease without due process of law.

Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 2002); *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315, 821 N.E.2d 269 (2004). Our standard of review is *de novo. Home Insurance Co.*, 213 Ill. 2d at 315.

First, defendants contend plaintiff may not move for summary judgment based on allegations not contained in the pleadings. They contend such a judgment violates section 2—1005(c), because of use of the word "pleadings" in that section. 735 ILCS 5/2—1005(c) (West 2002).

We agree with the defendants that the summary judgment motion was based on an issue apart from the complaint. The complaint alleged defendants failed and refused to pay $27,119 in unpaid rent, which breached the lease. Pursuant to paragraph 19 of the lease, that violation constituted a default entitling plaintiff to terminate defendants' right to possession. The prayer for relief asked for the amount of unpaid rent and immediate possession of the premises. No mention was made in the complaint of paragraph 11 or 13 of the lease, nor did the complaint allege the lease was terminated by its terms. The plaintiff cited paragraph 11 for the first time in its reply in support of its motion for use and occupancy. In the motion for summary judgment, the plaintiff contended paragraphs 11 and 13 of the lease operated to terminate the lease by its terms, entitling plaintiff to possession of the property.

Next, we must decide whether a court may grant summary judgment based on an issue not properly pled in the complaint. Defendants rely on *Pagano v. Occidental Chemical Corp.*, 257 Ill. App. 3d 905, 629 N.E.2d 569 (1994), and *McIntosh v. Cueto*, 323 Ill. App. 3d 384, 752 N.E.2d 640 (2001). In *Pagano*, the trial court entered summary judgment for the defendant. On appeal, the plaintiff raised for the first time an issue regarding the defendant's premises as a proximate cause of his injuries. The court found the plaintiff waived the issue by failing to raise it in the trial court. In addition, the court held, the plaintiff never pled the issue in his complaint. *Pagano*, 257 Ill. App. 3d at 911. The court said:

> "A plaintiff fixes the issues in controversy and the theories upon which recovery is sought by the allegations in his complaint. The very purpose of a complaint is to advise the defendant of the claim it is called upon to meet. [Citation.] In ruling on a motion for summary judgment, the court looks to the pleadings to determine the issues in controversy. *** [A] plaintiff's remedy in such a circumstance is to move to file an amended complaint [under section 2—616(a) or section 2—1005(g) of the Code of Civil Procedure].

Having failed to seek relief under either section, the plaintiff will not be heard to complain that summary judgment was inappropriately granted because of the existence of evidence supporting a theory of recovery that he never pled in his complaint." *Pagano*, 257 Ill. App. 3d at 911.

In *McIntosh*, the issue was whether the plaintiffs' failure to plead equitable estoppel through fraudulent concealment barred the trial court from considering the issue where it was raised as a part of discovery prior to the motion for summary judgment. The court, citing *Pagano*, held equitable estoppel and fraudulent concealment must be pled to be available. *McIntosh*, 323 Ill. App. 3d at 389-90. The plaintiffs never pled the theory in their complaint, nor did they request leave of court to amend their pleadings. Therefore, the court held, the defendants were not estopped from asserting their statute of limitations defense. Summary judgment for the defendants was affirmed. *McIntosh*, 323 Ill. App. 3d at 391-92.

Although the party awarded summary judgment in this case was the plaintiff, we abide by the reasoning set forth in *Pagano* and *McIntosh*.

We are puzzled by the plaintiff's failure to amend its complaint to include the issues advanced in its summary judgment motion, especially given the number of other motions and responses generated by the parties. The plaintiff argues the facts alleged in the complaint were sufficient to give the defendants notice of the issue. Not really. The theory on which the plaintiff was awarded possession of the premises never was pled in its complaint, directly or indirectly. We cannot condone this omission.

In deciding a motion for summary judgment, the court considers the pleadings to determine what the issues are and in so doing it presupposes that the pleadings join the issue. *Olivieri v. Coronet Insurance Co.*, 173 Ill. App. 3d 867, 870, 528 N.E.2d 986 (1987); *Metropolitan Sanitary District of Greater Chicago v. Anthony Pontarelli & Sons, Inc.*, 7 Ill. App. 3d 829, 839, 288 N.E.2d 905 (1972). The trial court entered summary judgment for the plaintiff on an issue entirely absent from the pleadings. Accordingly, we reverse the summary judgment for the plaintiff.

We realize, at first blush anyway, our decision seems hypertechnical. After all, the issues based on paragraphs 11 and 13 were clearly set out in plaintiff's summary judgment motion and in the flurry of briefs that followed. But there is something to be said for order and predictability in motion practice. They foster efficiency and fairness. We impose no great burden on this plaintiff. Amending its complaint to conform to its theory would have taken a fraction of the time spent litigating the issue we decide today.

Defendants further contend their due process rights were violated by the summary judgment based on an issue not pled in the complaint. Because we find the judgment was improper under the Code of Civil Procedure, we need not address the constitutional issue. Even so, we do not believe defendants' due process rights were violated. "At a minimum, procedural due process requires notice, an opportunity to respond, and a meaningful opportunity to be heard." *In re Estate of Gustafson*, 268 Ill. App. 3d 404, 409, 644 N.E.2d 813 (1994). Here, defendants received notice of the plaintiff's summary judgment motion, and they were given an opportunity to respond and to be heard. They filed a written response and were allowed to argue their position at a hearing on the motion. There was no due process violation.

CONCLUSION

We reverse summary judgment for the plaintiff and remand for further proceedings consistent with this opinion.

Reversed and remanded.

HALL, J., concurs.

JUSTICE GARCIA, specially concurring:

I agree this case warrants reversal. I do not agree, however, that the reversal should be based on any deficiency in the pleadings under section 2—1005(c). Both parties agree this is a forcible entry and detainer action. As such, it "is a summary statutory proceeding to adjudicate and restore rights of possession and *** should not be burdened by matters unrelated to the issue of possession." *Subway Restaurants, Inc. v. Riggs*, 297 Ill. App. 3d 284, 287, 696 N.E.2d 733 (1998). Stated differently, all matters related to the issue of possession are properly before the circuit court to adjudicate and restore rights of possession. As an exhibit to the complaint for forcible entry and detainer, the plaintiff attached a copy of the lease. There is no issue regarding the accuracy of the lease. As part of its motion for summary judgment, the plaintiff relied on two distinct paragraphs of the lease. Although less than clear, it appears the trial court relied on either one or both paragraphs in granting the plaintiff's motion for summary judgment.

Following the grant of summary judgment, the defendants in their motion for reconsideration contended that the basis for the summary judgment motion was not properly pled in the complaint and therefore violated section 2—1005(c). The circuit court, in rejecting the motion, observed that the property at issue should not be allowed to remain

vacant, consistent with the intent of the statute. See *Subway Restaurants, Inc.*, 297 Ill. App. 3d at 288 (limitations imposed by the Forcible Entry and Detainer Act (now 735 ILCS 5/9—101 *et seq.* (West 2004)) allow the issue of possession to be resolved quickly). After the entry of summary judgment, the trial court was well within its authority to "permit pleadings to be amended upon just and reasonable terms." 735 ILCS 5/2—1005(g) (West 2002). However, it appears the court did not do so. The only conclusion that can be reasonably drawn from this is that the trial court believed the complaint satisfied the pleading requirements of the Forcible Entry and Detainer Act to allow it to rule on the plaintiff's motion for summary judgment. See 735 ILCS 5/9—106 (West 2002). Even if we should find this to be an overly generous reading of the pleadings, I can find no basis to conclude that the trial court erred in ruling on the plaintiff's motion for summary judgment where the motion was based on the lease attached and incorporated into the plaintiff's complaint.

Nonetheless, based on the proceedings in the trial court, I agree that the summary judgment finding for the plaintiff must be reversed.

To the extent the trial court relied on paragraph 13 of the lease to grant the plaintiff's summary judgment motion, the trial court erred. As the defendants argue, once the use and occupancy order was entered as sought by the plaintiff, the premises could no longer be considered "abandoned" as provided in paragraph 13. Because the plaintiff did not seek leave of court to accept use and occupancy rent without prejudice to its claim of possession (see *Eckel v. MacNeal*, 256 Ill. App. 3d 292, 294, 628 N.E.2d 741 (1993) (trial court entered order granting plaintiff leave to accept use and occupancy without prejudice)) and the defendants paid said use and occupancy, paragraph 13 provided no basis for the trial court to grant summary judgment to the plaintiff.

To the extent the trial court relied on paragraph 11 of the lease to grant the plaintiff's summary judgment, once again the trial court erred. As best I can determine, fire destroyed the property in August 2003. Under the specific terms of paragraph 11, in the event fire rendered the premises untenantable, the plaintiff could either declare the lease terminated or repair the premises within 60 days. It did neither. Moreover, the plaintiff's actions since the fire are at odds with the provisions of paragraph 11 suggesting that the provisions of paragraph 11 are unavailable to the plaintiff. First, the plaintiff claims that the defendant had the responsibility to repair the premises and thus the plaintiff would not repair the premises within 60 days or any other period of time. Second, the plaintiff sought rent from the defendants from December 2003 through the date the plaintiff filed its complaint; thus, the plaintiff cannot claim any timely intention to

declare the lease terminated. In any event, the defendants' claim of waiver would preclude the entry of summary judgment based on paragraph 11. See *Steven W. Barrick & Associates v. Witz*, 147 Ill. App. 3d 615, 619, 498 N.E.2d 738 (1986) (where landlord failed to give notice that she would require strict compliance with lease term, landlord waived breaches based on prior behavior).

In the context of this appeal, our review *de novo* is to determine whether "a material issue of fact exists or [whether] the summary judgment was based upon an erroneous interpretation of the law." *Pagano*, 257 Ill. App. 3d at 909. Because the former has been made out by the defendants, a reversal is warranted.