SECOND DIVISION
FILED: May 22, 2007

No. 1-06-1221

STEADFAST INSURANCE COMPANY,        )      Appeal from the
                                    )      Circuit Court of
        Plaintiff-Appellant,        )      Cook County.
                                    )
v.                                  )      No. 02 CH 18381
                                    )
CAREMARK RX, INC., and              )
CAREMARK, INC.,                     )      HONORABLE
                                    )      MARY ANN MASON,
        Defendants-Appellees.       )      JUDGE PRESIDING.


        JUSTICE HOFFMAN delivered the opinion of the court:

        Steadfast Insurance Company ("Steadfast") appeals from an
order of the circuit court denying its motion for restitution of
costs it paid defending Caremark Rx, Inc., and Caremark, Inc., in
two underlying federal actions.  For the reasons which follow, we
affirm in part, reverse in part, and remand the cause for further
proceedings.

        Caremark Rx, Inc., and its subsidiary, Caremark, Inc.
(hereinafter collectively referred to as "Caremark"), administer
prescription drug benefits for health plans throughout the country.
In 2001, Steadfast issued a managed care professional liability
policy to Caremark.  Pursuant to the policy, Steadfast agreed to
pay those sums in excess of the policy's deductible that Caremark
might become legally obligated to pay as "Damages" for "Claims"
made by reason of any negligent act, error, or omission committed

by Caremark arising out of its rendering or failing to render "Professional Services" in the course of business. The policy excluded claims for intentional, criminal, or fraudulent acts. Under the policy, Steadfast was required to defend any "Claim" against Caremark seeking "Damages" payable under the terms of the policy, even if the allegations were groundless, false, or fraudulent.

In 2002, members of health plans administered by Caremark filed two lawsuits in federal court. The federal actions alleged that, in managing the plans' prescription-drug benefits, Caremark breached its fiduciary duties under the Employee Retirement Income and Security Act (ERISA) (29 U.S.C. § 1001 et seq. (2000)) by conspiring with drug manufacturers to obtain for its own benefit undisclosed discounts, rebates, and "kickbacks" for favoring certain higher-priced drugs. The complaints also charged Caremark with misrepresentation and failure to disclose material information and sought an accounting. Caremark tendered the defense of these two suits to Steadfast.

In letters dated April 11, 2002, June 17, 2002, and July 10, 2002, Steadfast stated that it had no obligation to defend or indemnify Caremark in the federal actions. Thereafter, Caremark filed a declaratory judgment action against Steadfast in the United

States District Court for the Northern District of Illinois, seeking a finding that Steadfast had an obligation to defend and indemnify it with regard to the underlying federal actions. Caremark's federal declaratory judgment action was subsequently dismissed for lack of subject matter jurisdiction.

Steadfast then filed a complaint for declaratory judgment in the Circuit Court of Cook County, seeking a declaration that it had no duty to defend or indemnify Caremark in the two federal actions. Caremark filed a counterclaim, seeking a declaration that Steadfast owed a duty to defend and indemnify it in the underlying actions. Caremark also sought attorneys' fees pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155(1) (West 2002)), claiming that Steadfast's denial of coverage was vexatious and unreasonable.

Steadfast and Caremark filed cross-motions for summary judgment. On September 23, 2003, the circuit court entered summary judgment in favor of Caremark, denied Steadfast's cross-motion for summary judgment, and found that Steadfast had a duty to defend Caremark in the two underlying actions. The circuit court subsequently granted Steadfast's motion for a finding of appealability pursuant to Supreme Court Rule 304(a) (155 Ill.2d 304(a)). The court, however, refused to stay enforcement of the order pending the outcome of an appeal.

1-06-1221

Steadfast appealed the circuit court's order dated September 23, 2003. Steadfast Insurance Co. v. Caremark Rx, Inc., 359 Ill. App. 3d 749, 835 N.E.2d 890 (2005) (Steadfast I). In the appeal of Steadfast I, this court concluded that the factual allegations in the underlying complaints failed to assert conduct constituting a negligent act, error, or omission, and, as a consequence, Steadfast had no duty to defend or indemnify Caremark. Steadfast I, 359 Ill. App. 3d at 760-61. We, therefore, reversed the circuit court's order granting Caremark's motion for summary judgment and denying Steadfast's motion, and entered summary judgment in favor of Steadfast regarding its duty to defend and indemnify. Steadfast I, 359 Ill. App. 3d at 762. As Caremark's claim for attorneys' fees under section 155 of the Illinois Insurance Code (215 ILCS 5/155(1) (West 2002)) was still pending in the circuit court, we remanded the matter for resolution of that claim. Steadfast I, 359 Ill. App. 3d at 762.

On remand, the circuit court denied Caremark's claim for attorneys' fees. Steadfast filed a "motion for restitution," seeking to recover the defense costs it expended in the two underlying federal actions. Attached to the motion was the affidavit of Nelson Tavares, the director of healthcare claims at Steadfast's parent company, Zurich American Insurance Company.

Tavares attested that Steadfast had paid $964,846.43 for Caremark's defense in the federal actions.

The circuit court denied Steadfast's motion for restitution, finding that Steadfast's filing of a declaratory judgement action was the "functional equivalent" of an agreement to defend Caremark under a reservation of rights. Applying the Illinois Supreme Court's holding in General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods Co., 215 Ill. 2d 146, 166, 828 N.E.2d 1092 (2005) (General Agents), that an insurer cannot recover defense costs paid pursuant to a reservation of rights absent a provision entitling it to such relief, the court concluded that, because the insurance policy in this case likewise contained no provision allowing Steadfast to recoup defense costs, Steadfast could not recover the costs it expended defending Caremark in the underlying actions. Steadfast subsequently filed a motion for reconsideration and a motion for leave to file a second amended complaint, seeking to add a claim for recovery of the defense costs on the basis of restitution, recoupment and/or unjust enrichment. Both motions were denied by the circuit court, and the instant appeal followed.

Steadfast contends that the circuit court erred in denying its motion for restitution. It alleges that it paid $964,846.43 in defense costs solely to comply with the circuit court's order

finding that it had a duty to defend Caremark in the underlying federal actions. Steadfast contends that, because the circuit court's order was reversed, it is entitled to recover those defense costs.

Although it is unclear under which section of the Code of Civil Procedure (735 ILCS 5/1-101 et seq. (West 2004)) Steadfast's motion for restitution was brought, similar motions have been treated as motions for summary judgment. See General Agents, 215 Ill. 2d at 153 (considering insurer's motion for recovery of defense costs a motion for summary judgment). Like a motion for summary judgment, Steadfast's motion was decided based upon the pleadings and evidentiary materials submitted by the parties, and without an evidentiary hearing. Therefore, we regard Steadfast's motion for restitution as a motion for summary judgment. See General Agents, 215 Ill. 2d at 153. We review the circuit court's decision to grant or deny a motion for summary judgment de novo. Harrison v. Hardin County Community Unit School District No. 1, 197 Ill. 2d 466, 470-71, 758 N.E.2d 848 (2001).

Relying upon the holding in General Agents, Caremark argues that it is not obligated to return the defense cost paid by Steadfast because the policy at issue in this case does not contain a provision allowing Steadfast to recover such costs. In General

Agents, an insurer defended its insured under a reservation of rights and also sought a declaratory judgment that it had no duty to defend. The insurer's reservation of rights letter provided that it had the right to recoup any defense costs paid in the event that it was determined that the insurer did not owe the insured a defense. The insurance policy, however, did not contain a provision allowing the insurer to recover defense costs. The Illinois Supreme Court concluded that the insurer could not unilaterally modify its policy through a reservation of rights letter to allow for the reimbursement of defense costs in the event that it is later found to have no duty to defend. General Agents, 215 Ill. 2d at 162-63. Consequently, the supreme court held that the insurer was not entitled to the reimbursement of defense costs paid pursuant to a reservation of rights letter absent an express provision in the insurance policy to that effect. General Agents, 215 Ill. 2d at 166.

In this case, Steadfast did not defend Caremark under a reservation of rights but, rather, it refused to defend and filed a declaratory judgment action. Therefore, Steadfast, unlike the insurer in General Agents, did not seek to unilaterally alter its policy with Caremark through a reservation of rights letter. Accordingly, the lack of a provision in the policy providing for the recoupment of defense costs has no effect on the disposition of

this case.

Caremark also argues that questions regarding coverage remained until this court in Steadfast I found that Steadfast owed no duty to defend. It contends that Steadfast was, therefore, required to pay its defense costs during the pendency of the appeal of the declaratory judgment action and is, thus, not entitled to be reimbursed for the defense costs expended in the underlying actions.

An insurer is obligated to defend its insured if the underlying complaint alleges facts within, or potentially, within the policy's coverage. U.S. Fidelity & Guaranty Co. v. Wilkin Insulation Co., 144 Ill. 2d 64, 73, 578 N.E.2d 926 (1991). An insurer's duty to defend arises as soon as damages are sought and continues so long as any questions remain concerning whether the underlying claims were covered by the policy. General Agents, 215 Ill. 2d at 165.

In this case, Steadfast sought a declaratory judgment that it had no duty to defend or indemnify Caremark in the underlying actions. In reversing the circuit court's order concluding that Steadfast had a duty to defend Caremark, this court held, as a matter of law, that the factual allegations in the underlying complaints failed to assert conduct within the policy's coverage. Steadfast I, 359 Ill. App. 3d at 760-61. Because Steadfast I was

decided as a matter of law, and because no factual issues existed on the question of a duty to defend, we conclude that no uncertainty concerning coverage ever existed at the time Caremark tendered the defense of the underlying actions to Steadfast. Consequently, Steadfast's duty to defend Caremark during the appeal of its declaratory judgment action did not arise out of its contractual obligations under the policy but, rather, arose out of the circuit court's erroneous order declaring that Steadfast had a duty to defend Caremark in the underlying federal actions.

If a party has received a benefit from an erroneous decree or judgment, it must, after reversal, make restitution. Buzz Barton & Associates, Inc. v. Giannone, 108 Ill. 2d 373, 382, 483 N.E.2d 1271 (1985). For this reason, we disagree with the basis upon which the circuit court denied Steadfast's motion for restitution. However, our analysis continues.

The issues in controversy and the theories upon which recovery is sought are fixed in the complaint. Kincaid v. Ames Department Stores, 283 Ill. App. 3d 555, 568, 670 N.E.2d 1103 (1996). A party cannot seek summary judgment on a theory that was never pled in the complaint. Gold Realty Group Corp. v. Kismet Café, Inc., 358 Ill. App. 3d 675, 680, 832 N.E.2d 403 (2005).

Restitution is an equitable remedy, the basis of which is a claim for unjust enrichment. Independent Voters of Illinois v.

<u>Illinois Commerce Comm'n</u>, 117 Ill. 2d 90, 98, 510 N.E.2d 850 (1987). Steadfast's complaint did not contain a claim for unjust enrichment nor did its complaint allege any facts satisfying the elements of such a cause of action.

We may affirm the judgment of the circuit court on any basis in the record. <u>Liberty Mutual Insurance Co. v. American Home Assurance Co.</u>, 368 Ill. App. 3d 948, 955, 858 N.E.2d 530 (2006). Because the circuit court could not enter summary judgment on a theory of recovery not pled in the complaint (see <u>Gold Realty Group Corp.</u>, 358 Ill. App. 3d at 680), we affirm the denial of Steadfast's motion for restitution.

Steadfast also argues that the circuit court erred in denying it leave to amend its complaint to include a claim for unjust enrichment. We agree.

Whether to grant or deny a motion for leave to file an amended complaint is a matter within the sound discretion of the circuit court, and its decision will not be overturned on appeal absent an abuse of that discretion. <u>Clemons v. Mechanical Devices Co.</u>, 202 Ill. 2d 344, 355, 781 N.E.2d 1072 (2002). In determining whether or not to grant such a motion, a court must consider the following factors: (1) whether the proposed amendment would cure a defect in the pleadings; (2) whether the proposed amendment would prejudice or surprise other parties; (3) whether the proposed amendment is

timely; and (4) whether there were previous opportunities to amend the pleading.  Clemons, 202 Ill. 2d at 355-56.

In this case, Steadfast's second amended complaint would cure its insufficient complaint by asserting a claim for unjust enrichment.  Additionally, nothing in the record indicates that Caremark would be prejudiced or surprised by the amendment.  Steadfast's motion for restitution gave Caremark adequate notice of Steadfast's intent to seek recovery of the defense costs.  Finally, the event giving rise to Steadfast's claim for unjust enrichment did not occur until this court issued its decision in Steadfast I, and Steadfast's motion for leave to file its second amended complaint was filed within one month of the supreme court's denial of Caremark's petition for leave to appeal that decision.  Although Steadfast could have sought to amend its complaint to include a claim for unjust enrichment prior to filing its motion for restitution, we do not find that the amendment was untimely or unreasonably delayed.

Based upon the record before us, we conclude that the circuit court erred in denying Steadfast leave to file a second amended complaint.  On remand, Steadfast should be allowed to amend its complaint to include a claim for unjust enrichment.

For the foregoing reasons, we affirm the circuit court's denial of Steadfast's motion for restitution, reverse the circuit

court's order denying Steadfast's motion for leave to file its second amended complaint, and remand the cause for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part; remanded with instructions.

SOUTH and HALL, JJ., concur.