2020 IL App (1st) 182254-U

No. 1-18-2254

Order filed May 22, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| GENA BRONER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 L 12772 |
| | ) | |
| ABG SERVICES, INC., | ) | Honorable |
| | ) | Patricia O'Brien |
| Defendant-Appellee and Cross-Appellant, | ) | Sheahan, |
| | ) | Judge, Presiding. |

_____

JUSTICE HALL delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The circuit court did not err when it granted defendant's motion for summary judgment based upon the expiration of statute of limitations where plaintiff failed to show due diligence in support of equitable tolling; therefore, we need not address defendant's cross-appeal related to liability.

¶ 2   Plaintiff, Gena Broner, appeals from an order of the circuit court granting summary judgment in favor of the defendant, ABG Services, Inc. (ABG), based upon the expiration of the two-year statute of limitations. ABG also appeals from an order denying its motion for summary judgment on plaintiff's liability claim against it. For the reasons that follow, we affirm the entry

of summary judgment in favor of ABG and, therefore, we need not reach ABG's cross-appeal relating to liability.

¶ 3                                  BACKGROUND

¶ 4     On October 14, 2014, plaintiff, was an employee with Saks Fifth Avenue (Saks) located at 700 North Michigan Avenue in Chicago, Illinois. During her deposition, plaintiff testified that on that date, as she was walking into the Rush Street employee entrance vestibule at approximately 9:25 a.m., she slipped and fell on a chemical substance that smelled like vinegar.

¶ 5     On February 5, 2015, plaintiff filed a workers' compensation claim with the Illinois Workers Compensation Commission (Commission). On July 10, 2015, plaintiff's counsel sent a letter to Saks' counsel requesting information related to plaintiff's fall, including the names of construction companies that may have been working at Saks at the time of the fall. Saks did not provide the requested information.

¶ 6     On December 18, 2015, plaintiff filed a negligence complaint in the Circuit Court of Cook County against 700 North Michigan Avenue LLC (700 North Michigan) and Healy Construction Services, Inc. (Healy). On March 2, 2016, plaintiff's counsel again sent an email to Saks' counsel requesting information regarding potential defendants and indicated that he would issue a subpoena if the information was not voluntarily disclosed.

¶ 7     On March 9, 2016, plaintiff issued a subpoena to Saks in the workers' compensation case, requesting a copy of security files, videos, a list of contractors who performed work for Saks and a copy of any accident reports that were completed, from "October 1, 2013[,] to present." Saks did not respond. Represented by the same attorneys that represented it in the workers' compensation

case, on March 14, 2016, Saks filed a petition to intervene in the negligence case, which was granted.

¶ 8       On April 12, 2016, plaintiff's counsel emailed Saks' counsel regarding the subpoena issued in the workers' compensation case. Saks' counsel responded that Saks was aware of the request and that the documents would be forthcoming. Plaintiff never received a response to her subpoena.

¶ 9       On June 9, 2016, plaintiff issued a written discovery request to 700 North Michigan which was answered on September 20, 2016. However, the responses did not identify any additional parties.

¶ 10      On July 14, 2016, plaintiff filed her first amended complaint adding Menconi Terrazzo, LLC (Menconi) and National Glass & Gate Service, Inc. (NG&G) as defendants. On August 19, 2016, plaintiff served NG&G via its registered agent in Rhode Island. At the next status hearing on August 30, 2016, the case was continued for another 35 days, until October 4, 2016, for status on "service of new defendants." The record does not indicate whether the court was made aware that NG&G had already been served.

¶ 11      On October 13, 2016, plaintiff filed her second amended complaint adding Ascher Brothers, Inc. and Structural Strategies, Inc. as defendants.

¶ 12      On October 14, 2016, the two-year statute of limitations for plaintiff to add additional defendants expired.

¶ 13      Approximately, seven weeks after the statute of limitations expired, on December 5, 2016, NG&G filed its appearance, and on December 15, 2016, plaintiff issued a written discovery request to NG&G. Approximately three weeks later, on January 4, 2017, NG&G disclosed a copy of ABG's work order and invoice to NG&G, which identified ABG as a contractor that worked in

the vestibule on the morning plaintiff fell. On January 26, 2017, plaintiff filed her third amended complaint adding ABG as a defendant, asserting one count of negligence against it.

¶ 14    On April 11, 2017, ABG filed its answer which denied the substantive allegations of plaintiff's third amended complaint, asserted contributory negligence by plaintiff, and further asserted an affirmative defense that plaintiff's complaint was barred by the expiration of the two-year statute of limitations. Approximately one year later, on March 21, 2018, ABG filed a motion for summary judgment in which it denied liability for plaintiff's alleged injuries and asserted that plaintiff's claims were barred by the expiration of the two-year statute of limitations.

¶ 15    On June 12, 2018, the circuit court denied ABG's motion for summary judgment. The court held that there was a question of fact which precluded summary judgment on the issue of liability. The court also found that the applicable two-year statute of limitations should be equitably tolled. After ABG's counsel explained to the court that plaintiff had not claimed that the statute of limitations should be equitably tolled, the court allowed additional briefing on the issue.

¶ 16    On August 23, 2018, ABG filed a second motion for summary judgment limited to the issue of equitable tolling of the statute of limitations, which the court granted on September 19, 2018. During the hearing on the motion, the court reasoned that:

> "[P]laintiff has not demonstrated that extraordinary barriers prevented her from learning of ABG's identity prior to the running of the statute. Plaintiff cannot demonstrate that she diligently served NG&G when she doesn't address the time lapse between learning of NG&G's identity or the details of how and when she learned and requesting the need to add it as a party. It is also undisputed that while Saks did not timely respond to plaintiff's subpoena, plaintiff took no steps to enforce the subpoena.  She never filed a Motion to Compel or had a 201(k) conference.  Plaintiff never issued written discovery to Saks even though she knew or should have known that Saks investigated her fall. Plaintiff was aware at all times that there were construction workers on-site at the time of her slip and fall. Plaintiff should have known she would have had to discover the identity of those workers prior to the run of the statute of limitation. Under these facts, summary judgment is appropriate; and defendant ABG Service's motion is granted."

¶ 17    The circuit court's September 19, 2018, order completely disposed of the entire negligence action and was a final judgment pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017).  On October 16, 2018, plaintiff filed her notice of appeal from the circuit court's September 19, 2018, order granting summary judgment in favor of ABG based upon the expiration of the statute of limitations. On October 23, 2018, ABG filed its notice of cross-appeal from the court's June 12, 2018, order denying its first motion for summary judgment on the issue of liability.[1]

¶ 18                                    DISCUSSION

¶ 19    Plaintiff raises one issue on appeal: whether the circuit erred in granting ABG's motion for summary judgment based on the expiration of the statute of limitations. ABG raises one issue on its cross-appeal: whether the circuit court erred when it denied ABG's motion for summary judgment on the issue of liability.

¶ 20    Summary judgment is appropriate if the pleadings, depositions, and admissions on file show there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2014). We review a circuit court's order granting summary judgment *de novo. Independent Trust Corporation v. Kansas Bankers Surety Company*, 2016 IL App (1st) 143161, ¶ 27 (citing *Filliung v. Adams,* 387 Ill. App. 3d 40, 53 (2008).

¶ 21    On appeal, the parties do not contest that the applicable statute of limitations was two years, nor do they contest that plaintiff filed her third amended complaint against ABG after the two-year statute of limitations had expired. Instead, plaintiff contends that she has sufficiently established

---

[1] This case was fully briefed on May 2, 2019, and assigned to the authoring justice's inventory of cases on May 3, 2019.  The authoring justice first circulated a proposed disposition to Justice Hoffman and Justice Rochford on May 13, 2020.

facts obviating ABG's limitations defense through the doctrine of equitable tolling. Therefore, we will consider plaintiff's argument that the doctrine of equitable tolling applies and would extend the two–year limitations period.

¶ 22     Although equitable tolling is recognized in Illinois, it is rarely applied. See *Williams v. Board of Review,* 241 Ill. 2d 352, 360 (2011); *Ralda–Sanden v. Sanden,* 2013 IL App (1st) 121117, ¶ 26. Equitable tolling of a statute of limitations may be appropriate: (1) if the defendant actively misled the plaintiff; (2) if the plaintiff was prevented from asserting his or her rights in some extraordinary way; or (3) if the plaintiff mistakenly asserted his or her rights in the wrong forum. *Clay v. Kuhl*, 189 Ill. 2d 603, 614 (2000). Our courts have concluded that tolling is warranted under extraordinary circumstances. Extraordinary barriers that may warrant tolling include "legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Williams*, 241 Ill. 2d 352, 360–61 (2011) (citing *Miller v. Runyon,* 77 F. 3d 189, 191 (7th Cir.1996); *Am. Family Mut. Ins. Co. v. Plunkett*, 2014 IL App (1st) 131631, ¶ 32; *Thede v. Kapsas*, 386 Ill. App. 3d 396, 403 (2008).

¶ 23     In this case, there is no claim that ABG actively misled plaintiff or that plaintiff mistakenly asserted her rights in the wrong forum. Thus, the only question for consideration is whether plaintiff has been prevented from asserting her rights in some extraordinary way.

¶ 24     Before addressing the application of equitable tolling, however, as an initial matter, ABG argues that because plaintiff failed to plead equitable tolling in the circuit court, she should not have been allowed to assert it in the circuit court or on appeal.

¶ 25     Although, it is true that the equitable tolling issue may have been initially raised by the circuit court judge during oral argument on ABG's first motion for summary judgment, the issue

was later fully briefed by both parties and considered by the circuit court when ABG filed its second motion for summary judgment. In addition, even if we were to find that plaintiff did not properly raise this argument in the circuit court, we note that waiver is a limitation on the parties, not the courts. *Illinois Tool Works, Inc. v. Independent Machine Corporation*, 345 Ill. App. 3d 645, 654 (2003) (citing *Geise v. Phoenix Co. of Chicago, Inc.,* 159 Ill. 2d 507, 514 (1994).

¶ 26 Additionally, the cases cited by ABG do not support its position. In *Guarantee Trust Life Insurance Co. v. Kribbs*, 2016 IL App (1st) 160672, this court held that plaintiff's claims were not tolled based upon fraudulent concealment because fraudulent concealment was not specifically pled in plaintiff's complaint. In *McIntosh v. Cueto*, 323 Ill. App. 3d 384, 388-91 (2001), and *Gold Realty Grp. Corp. v. Kismet Cafe, Inc.*, 358 Ill. App. 3d 675, 679-80 (2005), this court held that both equitable estoppel and fraudulent concealment must be pled to be available. Those cases do not stand for the proposition that a plaintiff must plead equitable tolling for it to apply.

¶ 27 Our supreme court has reasoned that unlike the related doctrine of equitable estoppel, equitable tolling requires no fault on the part of the defendant. *Williams,* 241 Ill. 2d at 361 (citing *Miller,* 77 F. 3d at 191).

¶ 28 Based upon the foregoing, we will address plaintiff's equitable tolling issue raised on appeal.

¶ 29 In this case, plaintiff contends that the circuit court's finding that she failed to exercise due diligence should be overturned because she was diligent in serving NG&G; however, NG&G failed to appear in the time allotted by statute after being served.

¶ 30 In contrast, ABG contends that plaintiff failed to exercise due diligence prior to the expiration of the statute of limitations because she did not request expedited discovery. It contends

that, pursuant to Supreme Court Rule 201(d), plaintiff could have sought leave to issue written discovery on NG&G before it appeared or was required to appear for good cause shown. Ill. S. Ct. R. 201(d) (eff. July 4, 2014).

¶ 31    We agree with ABG that equitable tolling should not be applied in this case. Plaintiff failed to show that she was prevented from asserting her rights in some extraordinary way because she failed to show that she exercised due diligence.

¶ 32    First, plaintiff failed to exercise due diligence in discovering the identity of ABG through her own employer, Saks.  The record reflects that plaintiff filed a claim with the Commission for workers' compensation from Saks approximately four months after her fall, on February 5, 2015. Six months later, in July of 2015, she sent correspondence to Saks' attorney requesting documentation related to her fall but received nothing. However, she did not issue a subpoena to Saks requesting documentation related to the fall until March 9, 2016, one year and one month after she filed her workers' compensation claim.

¶ 33    More troubling, as the circuit court correctly points out, "[I]t is also undisputed that while Saks did not timely respond to plaintiff's subpoena, plaintiff took no steps to enforce the subpoena." Even after Saks intervened in plaintiff's negligence case on March 14, 2016, plaintiff did not issue another subpoena requesting the identity of the contractors who were present when she fell, she did not request leave of court to issue expedited discovery or file a motion to compel against Saks related to the subpoena issued in the workers' compensation case. This is true even though Saks was represented in the negligence case by the same attorney who represented it in the workers' compensation case. Had plaintiff exercised due diligence, she could have availed herself of the court's authority to compel Saks to provide her with information related to NG&G sooner.

As such, we agree with the circuit court's finding that plaintiff, "never issued written discovery to Saks even though she knew or should have known that Saks investigated her fall. * * * Plaintiff should have known she would have had to discover the identity of those workers prior to the run of the statute of limitation."

¶ 34    In addition, plaintiff failed to exercise due diligence once it learned the identity of NG&G. Of note, there is nothing in the record indicating how and when plaintiff learned of NG&G's identity. However, four months after Saks intervened, the record reflects that on July 14, 2016, plaintiff filed her first amended complaint adding NG&G and served NG&G successfully on August 19, 2016. Additionally and further demonstrating a lack of due diligence, at the next status conference on August 30, 2016, plaintiff did not request leave of court to issue expedited discovery to NG&G and the case was continued until October 4, 2016, ten days prior to the expiration of the statute of limitations against ABG. As ABG correctly points out, Supreme Court Rule 201(d) allows a party to seek leave to issue written discovery prior to the time a defendant has appeared or is required to appear for good cause shown. Ill. S. Ct. R. 201(d) (eff. July 4, 2014). There is no indication in the record that plaintiff sought leave of court to do so during the August 30, 2016, status hearing.

¶ 35    As ABG points out, although NG&G had already been served on August 19, the order entered on August 30, indicates that the case was continued until October 4, for status of service on the new defendants, which included NG&G. Plaintiff's counsel could have informed the court that NG&G was served and request expedited discovery. Instead the case was continued for an additional five weeks. This allowed an additional lapse in time which was not attributable to NG&G, but further bolsters the conclusion that plaintiff did not act with due diligence. At that

point, plaintiff had approximately six weeks remaining prior to the expiration of the two-year statute of limitations period.

¶ 36    Although it is true that plaintiff filed a motion for default against NG&G on October 18, 2016, for failing to file an appearance within 30 days after service, the statute of limitations had already expired. Consequently, on January 4, 2017, when NG&G's counsel sent plaintiff's counsel a copy of a work order as well as ABG's invoice to NG&G, which identified ABG as a contractor that worked in the vestibule on the morning plaintiff fell, this identification was too late. Therefore, we find that the circuit court did not err when it granted summary judgment in favor of ABG.

¶ 37    Finally, although plaintiff does not assert this contention on appeal, in the circuit court it appears plaintiff was under the impression that a four-year statute of limitations applied to the facts of this case. We agree with ABG that plaintiff's mistake regarding the applicable limitations period also does not implicate equitable tolling; it undercuts her due diligence argument. *Griffin v. Willoughby*, 369 Ill. App. 3d 405, 416 (2006).

¶ 38    Because we find that plaintiff has failed to satisfy the requirements for equitable tolling, we need not reach ABG's issue regarding liability on appeal.

¶ 39                              CONCLUSION

¶ 40    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 41    Affirmed.