NOTICE
Decision filed 01/12/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220572-U

NO. 5-22-0572

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | |
|---|---|
| *In re* T.A., a Minor | ) Appeal from the |
| | ) Circuit Court of |
| (The People of the State of Illinois, | ) Champaign County. |
| | ) |
| Petitioner-Appellee, | ) |
| | ) |
| v. | ) No. 19-JA-27 |
| | ) |
| Theresa J., | ) Honorable |
| | ) Matthew D. Lee, |
| Respondent-Appellant). | ) Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We reverse the judgment of the circuit court terminating the respondent's parental rights where the circuit court erred in conducting the hearing on parental unfitness after the respondent's counsel failed to comply with the requirements for the withdrawal of counsel.

¶ 2    The respondent, Theresa J., is the mother of T.A., born August 2012. On June 8, 2022, the circuit court of Champaign County found the respondent to be an unfit person within the meaning of the Adoption Act (750 ILCS 50/1(D) (West 2020)) for failing to make reasonable efforts to correct the conditions that were the basis for the removal of the minor child during the nine-month period of May 7, 2021, through February 7, 2022, following the adjudication of neglect or abuse. *Id*. § 1(D)(m)(i). The circuit court also found that the respondent was an unfit person for failing to make reasonable progress toward the return of the minor child during the same nine-month period.

1

*Id.* § 1(D)(m)(ii). On August 24, 2022, the circuit court determined that the termination of the respondent's parental rights was in the best interest of T.A. and terminated the respondent's parental rights regarding T.A.[1]

¶ 3    The respondent now appeals the circuit court's judgment terminating her parental rights arguing that the circuit court erred in conducting the hearing on parental unfitness in the absence of the respondent's counsel's compliance with Illinois Supreme Court Rule 13 (eff. July 1, 2017) requirements for the withdrawal of counsel. For the following reasons, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 4                                    I. BACKGROUND

¶ 5    On June 11, 2019, the State filed a petition for adjudication of neglect or abuse concerning T.A. pursuant to the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2018)). The petition alleged that the respondent had inflicted physical injury, by other than accidental means, on T.A. (*id.* § 2-3(2)(i)), and that T.A. was neglected by reason of being in an environment that was injurious to his welfare due to the respondent's substance abuse (*id.*). The circuit court conducted a shelter care hearing on the same day, and found that there was probable cause to believe that T.A. was neglected and abused. As such, the circuit court ordered T.A. to be placed in the temporary custody of the guardianship administrator of the Illinois Department of Children and Family Services (DCFS).

¶ 6    On August 23, 2019, the circuit court entered an adjudication order, and on September 20, 2019, a dispositional order was entered. The respondent appealed the dispositional order and the

_____

[1]T.A.'s putative father was also a respondent in the circuit court proceedings but is not a party to this appeal. As such, this court will limit the summarization of the procedural and background information to that information related to the respondent and necessary to the issue on appeal.

2

Fourth District appellate court affirmed[2] the dispositional judgment of the circuit court on March 9, 2020. *In re T.A.*, 2020 IL App (4th) 190713-U, ¶ 39.

¶ 7   Between September 2019 and February 2022, the circuit court reviewed this matter seven times and entered a permanency order pursuant to section 2-28 of the Act after each review. 705 ILCS 405/2-28 (West 2018). On February 8, 2022, the State filed a motion seeking a finding of unfitness and the termination of the respondent's parental rights regarding T.A. The State's motion alleged that the respondent was an unfit person as defined in section 1(D)(m)(i) of the Adoption Act (750 ILCS 50/1(D)(m)(i) (West 2020)), for failing to make reasonable efforts to correct the conditions that were the basis for the removal of T.A. from the home during the nine-month period of May 7, 2021, through February 7, 2022, which followed the adjudication of neglected or abused. The State's motion also alleged that the respondent was an unfit person as defined in sections 1(D)(b) and 1(D)(m)(ii) of the Adoption Act (*id.* § 1(D)(b), (D)(m)(ii)), for failing to maintain a reasonable degree of interest, concern, or responsibility as to T.A.'s welfare and for failing to make reasonable progress towards the return of T.A. to the home during the same nine-month period. The State's motion further alleged that it would be in the best interest of T.A. that the respondent's parental rights be terminated, and that custody and guardianship of T.A. be awarded to DCFS, with the authority to consent to his adoption.

¶ 8   On March 8, 2022, the respondent's counsel filed a motion to withdraw as attorney of record for the respondent. Counsel's motion stated that "[s]evere and irreconcilable differences" had arisen and that due to the differences of opinion, counsel could no longer diligently represent the respondent. The certificate of service attached to counsel's motion indicated that the

---

[2]The decision of the Fourth District appellate court contains the complete and detailed background information regarding this matter prior to the date of the circuit court's dispositional order. We will not reiterate that information within this decision since it is not relevant to the issue on appeal here.

respondent's address was unknown, but that the motion to withdraw had been delivered "(via in-hand delivery)." The circuit court's docket entry of March 29, 2022, stated as follows:

> "Respondent mother appears by counsel. *** No appearance by respondent mother personally pursuant to notice. *** Cause called for hearing on the Motion to Withdraw as Attorney of Record. Motion allowed. The appearance of [respondent's counsel] on behalf of respondent mother is withdrawn. Cause reallotted for pretrial and hearing on the [State's] Motion Seeking Finding of Unfitness and Termination of Parental Rights. Circuit Clerk to send notice of both hearing dates to respondent mother."

¶ 9 The circuit court's docket entry of April 13, 2022, then stated as follows:

> "No appearance by respondent mother pursuant to notice. *** Cause called for pretrial hearing. Court notes there is no proof of notice of withdrawal of attorney to respondent mother on file pursuant to Supreme Court Rule 13. Cause reallotted for hearing on the [State's] Motion Seeking Finding of Unfitness and termination of Parental Rights. Court to send notice to respondent mother."

¶ 10 On April 14, 2022, the clerk of the circuit court sent a notice of hearing to the respondent. The notice of hearing stated that a hearing on the State's motion seeking a finding of unfitness and termination of the parental rights of the respondent would be conducted on June 7, 2022, at 2:30 p.m. at the Champaign County courthouse. The notice of hearing also contained the following admonishment:

> "Pursuant to the Order of Withdrawal of Counsel entered on March 29, 2022, you are hereby advised to retain other counsel or file with the clerk of the court within 21 days a supplementary appearance stating therein an address at which service of notices or other documents may be had upon you."

4

The certificate of service contained in the notice of hearing stated that an exact copy of the notice of hearing was "placed in the United States mail at Urbana, IL," legibly addressed to the respondent on April 14, 2022.

¶ 11     On June 7, 2022, the circuit court conducted a hearing on the fitness portion of the State's motion seeking a finding of unfitness and termination of the respondent's parental rights. The respondent was not personally present nor was she represented by counsel. At the beginning of the hearing, the circuit court stated as follows:

"THE COURT: Okay. First and foremost. I do need to make a record that the last time we were in court, which would have been April 13th of this year, [the respondent's] attorney *** had been allowed to withdraw after a couple [of] different hearings where we attempted contact with [the respondent]. She was not present on April 13th; however, the court noted that [respondent's counsel] had failed to provide notice pursuant to Supreme Court Rule to his client that he should advise her that she needed to hire counsel within 21 days of his being allowed to withdraw. For that reason and in abundance of caution the court did on its own motion to continue the hearing until today's date to provide the court with an opportunity to direct the Circuit Clerk's office to provide that notice to [the respondent] which it has done as indicated by the filing on April 14th which shows that [the respondent] was sent notice advising her that pursuant to the order of withdrawal of counsel entered on March 29th she was advised to retain other counsel or file a supplement to the appearance within 21 days. Now this notice was sent to her last known address with the Circuit Clerk's office. I don't see that it was returned to sender undeliverable.

With that said, I do think that given the nature and gravity of what the State seeks to do today, I want to make a more complete record of whether there have been any

5

attempts or even successful contact with [the] respondent mother by the agency in the interim.

So, [Assistant State's Attorney], are you aware of whether or not there have been any attempts at contact with [the respondent] between our last hearing and today's date?

\* \* \*

[ASSISTANT STATE'S ATTORNEY]: Yes, Your Honor. [DCFS] has reached out to [the respondent] at the end of March, immediately after the April 13th, 2022[,] hearing, and again on May 28th. The efforts to communicate with [the respondent] were by phone. And then [when] [the respondent] did not answer her phone, the agency sent mail to last known address asking for her to make contact. There has been no contact—no successful contact with [the respondent] as just set forth by the State on those three dates.

\* \* \*

THE COURT: All right. But that was the phone number that had previously been used by the agency to reach [the respondent].

[ASSISTANT STATE'S ATTORNEY]: Yes.

THE COURT: All right. Well, the court will make a finding today that pursuant to the notice sent by this court as well as follow-up attempts by DCFS to contact [the respondent], notwithstanding the fact that she currently is not represented by counsel, she has been given adequate notice of today's termination hearing."

¶ 12    At the close of the hearing, the circuit court announced its finding in open court stating that it had found the respondent an unfit person as defined in section 1(D)(m)(i) of the Adoption Act (750 ILCS 50/1(D)(m)(i) (West 2020)), for failing to make reasonable efforts to correct the conditions that were the basis for the removal of T.A. from the home during the nine-month period of May 7, 2021, through February 7, 2022, which followed the adjudication of neglected or abused.

6

The circuit court also found the respondent to be an unfit person as defined in section 1(D)(m)(ii) of the Adoption Act (*id.* § 1(D)(m)(ii)), for failing to make reasonable progress towards the return of T.A. to the home during the same nine-month period. Finally, the circuit court held that the State had failed to prove, by clear and convincing evidence, that the respondent was an unfit person as defined in section 1(D)(b) of the Adoption Act (*id.* § 1(D)(b)), for failing to maintain a reasonable degree of interest, concern, or responsibility as to T.A.'s welfare.

¶ 13    On July 12, 2022, the circuit court called the matter for a best interest hearing. The respondent was personally present and filed an affidavit in support of her request for the appointment of counsel. The circuit court reviewed the affidavit and verified that the respondent qualified for appointment of counsel. As such, the circuit court appointed counsel from the public defender's office to represent the respondent and continued the best interest hearing to allow the respondent an opportunity to consult with counsel and for appointed counsel to have adequate time to become familiar with the case.

¶ 14    On August 22, 2022, the circuit court conducted a hearing on the best interest portion of the State's motion seeking a finding of unfitness and termination of the respondent's parental rights. The respondent was personally present and represented by counsel. Upon completion of the hearing, the circuit court found, by clear and convincing evidence and by a preponderance of the evidence, that it was in T.A.'s and the public's best interest that the respondent's parental rights be terminated. As such, on August 24, 2022, the circuit court entered its judgment terminating all of the respondent's residual, natural parental rights and responsibilities regarding T.A.

¶ 15                                II. ANALYSIS

¶ 16    On appeal, the respondent does not challenge the circuit court's findings regarding the respondent's unfitness or the best interest of T.A. The respondent's sole issue on appeal is whether the circuit court erred in conducting the hearing on parental unfitness in the absence of the

respondent's counsel's compliance with Illinois Supreme Court Rule 13 (eff. July 1, 2017) requirements for the withdrawal of counsel.

¶ 17    The respondent acknowledges that she failed to raise the above issue in the circuit court, and as such, the issue is forfeited on appeal. See *In re M.W.*, 232 Ill. 2d 408, 430 (2009) (a defendant forfeits review of a claimed error if he or she does not object at trial and does not raise the issue in a posttrial motion). The Illinois Supreme Court has held that this same forfeiture principle applies in proceedings under the Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 2018)), although a postadjudication motion is not required. *Id.* The respondent argues, however, that this court should review the issue under the doctrine of plain error.

¶ 18    The plain error doctrine is a narrow and limited exception to the general rule of procedural default which allows plain errors or defects affecting substantial rights to be noticed although the error or defect was not brought to the attention of the circuit court. *In re D.D.*, 2022 IL App (4th) 220257, ¶ 31; *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). An otherwise unpreserved error may be noticed under the plain error doctrine, codified in Illinois Supreme Court Rule 615 (eff. Jan. 1, 1967), if the respondent first demonstrates that a clear or obvious error occurred and then shows that either (1) the evidence was closely balanced or (2) the error was so egregious as to challenge the integrity of the judicial process, regardless of the closeness of the evidence. *In re D.D.*, 2022 IL App (4th) 220257, ¶ 31. The respondent has the burden of persuasion under either prong of the plain error doctrine, and if the respondent fails to meet his or her burden of persuasion, the reviewing court applies the procedural default. *Id.*

¶ 19    The forfeiture rule, however, is a limitation on the parties and not a limitation on the reviewing court. *In re Tamera W.*, 2012 IL App (2d) 111131, ¶ 30. As such, a reviewing court will relax the forfeiture rule to address a plain error affecting the fundamental fairness of a proceeding, maintain a uniform body of precedent, and reach a just result. *Id.* Further, because parents have a

8

fundamental liberty interest in raising and caring for their children, a reviewing court will not easily declare forfeiture of an argument directed at a decision to terminate those rights. *In re Br. M.*, 2021 IL 125969, ¶ 40. Accordingly, we will consider the respondent's issue under a plain error analysis.

¶ 20    The first step in a plain error analysis is to determine whether a clear and obvious error occurred. *In re D.D.*, 2022 IL App (4th) 220257, ¶ 31. The respondent argues that a clear error occurred when the respondent's counsel failed to comply with Rule 13 requirements for the withdrawal of counsel by failing to include an advisement in his motion to withdraw that the respondent should retain other counsel or file a supplementary appearance within 21 days after the entry of the order of withdrawal. The respondent also argues that the circuit court's attempt to provide the respondent with the required Rule 13 notice requirement was insufficient as it was sent via U.S. mail, uncertified, which is not a means of proper service under Rule 13. We review *de novo* issues regarding compliance with supreme court rules. *People v. Williams*, 344 Ill. App. 3d 334, 338 (2003).

¶ 21    Illinois Supreme Court Rule 13 states, in relevant part, as follows:

"(2) *Notice of Withdrawal*. An attorney may not withdraw his or her appearance for a party without leave of court and notice to all parties of record. Unless another attorney is substituted, the attorney must give reasonable notice of the time and place of the presentation of the motion for leave to withdraw, by personal service, certified mail, or a third-party carrier, directed to the party represented at the party's last known business or residence address. *** Such notice shall advise said party that to insure notice of any action in said cause, the party should retain other counsel therein or file with the clerk of court, within 21 days after the entry of the order of withdrawal, a supplementary appearance

9

stating therein an address to which service of notices or other documents may be made."

Ill. S. Ct. R. 13(c)(2) (eff. July 1, 2017).

¶ 22 Rule 13 clearly states that the notice of withdrawal must contain the required notice and the respondent's counsel's motion for withdrawal failed to do so. "An attorney's motion to withdraw that fails to advise the client to obtain substitute counsel or to file an appearance within 21 days of an order permitting withdrawal is inadequate under Rule 13(c)(2)." *In re Willow M.*, 2020 IL App (2d) 200237, ¶ 18. As such, the respondent's counsel's motion to withdraw lacking the required notice was clearly in error. Although the circuit court was diligent in its oversight of the withdrawal of counsel and attempted to cure the notice deficiency, the clerk of the circuit court sent the required notice via U.S. mail and failed to send it certified mail as required by Rule 13. We further note that the State concedes that the circuit court did not strictly comply with Rule 13. Therefore, we find that a clear error occurred where the respondent's counsel and clerk of the circuit court failed to comply with the requirements of Rule 13.

¶ 23 Next, we must determine whether (1) the evidence was closely balanced or (2) the error was so egregious as to challenge the integrity of the judicial process, regardless of the closeness of the evidence. *In re D.D.*, 2022 IL App (4th) 220257, ¶ 31. The respondent does not argue that the evidence was closely balanced, but argues that the error effected the integrity of the judicial process. The respondent notes that the circuit court was correct to point out the gravity of the unfitness proceedings and that, at the end result of the proceeding where the respondent was not present or represented by counsel, the respondent was found to be an unfit person. The respondent further argues that, given the importance of the respondent's parental rights, those rights justify Rule 13's requirements for the contents and manner of service of a motion and notice of the withdrawal of counsel. We agree.

¶ 24    The State argues that any error in discharging the respondent's counsel without requiring strict compliance with Rule 13 only minimally affected her due process rights. We find this argument, however, to be unpersuasive. The respondent's parental rights were at stake during the fitness determination, and although the State argues that the respondent had notice of the hearing from the circuit court, there is nothing in the record to demonstrate that the respondent received the notice from the circuit court. The purpose of the Rule 13 requirements for service by personal service, certified mail, or third-party carrier is to ensure a documented proof of service.

¶ 25    The formal requirements of Rule 13(c)(2) may be waived in certain situations. *In re Willow M.*, 2020 IL App (2d) 200237, ¶ 22. We find, however, that waiver is not appropriate in this matter as the error was egregious enough as to challenge the integrity of the judicial process since the error resulted in a hearing where the respondent's parental fitness was at issue and the respondent was not present or represented by counsel at the hearing.

¶ 26    Thus, under a plain error analysis, we find that a clear error occurred where the respondent's counsel and clerk of the circuit court failed to comply with the requirements of Illinois Supreme Court Rule 13 (eff. July 1, 2017). We further find that the error was so egregious as to challenge the integrity of the judicial process requiring reversal of the circuit court's judgment.

¶ 27                                    III. CONCLUSION

¶ 28    For the foregoing reasons, we reverse the judgment of the circuit court of Champaign County terminating the respondent's parental rights concerning T.A. and remand for further proceedings.

¶ 29    Reversed and remanded.

11